**John H. BAILEY, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Feb. 6, 1976.

Decided Feb. 13, 1976.

Morton Richard Kimmel and Paul H. Spiller, Kimmel, Spiller & Bradley, P. A., Wilmington, for defendant below, appellant.

Richard J. McMahon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

DUFFY, Justice:

Defendant was convicted in the Superior Court of manslaughter, 11 Del.C. § 632, and possession of a deadly weapon during the commission of a felony, 11 Del. C. § 1447. After sentencing he docketed an appeal in the Supreme Court and, before review on the merits, moved for a certificate of reasonable doubt, 11 Del.C. § 4502. One Justice of this Court may issue

that certificate; *Steigler v. Superior Court, In and For New Castle Co.,* Del. Supr., 252 A.2d 300 (1969); *In re Steigler,* Del.Supr., 250 A.2d 379 (1969); Supreme Court Rules 3(2), 19(2)(b), 22. Compare Const. Art. IV § 11(1)(b), (7). The purpose of defendant's motion is to secure a stay of execution of the judgment so that he may be admitted to bail.

I

■ For present purposes, I am satisfied that this Court does not have constitutional or inherent power to grant a stay of sentence. And the mere filing of an appeal does not operate as a stay under either the statute, 11 Del.C. § 4502, or under general law.[1] 24 *C.J.S.* Criminal Law § 1716. It follows that in Delaware the right to bail after sentence is statutory and a defendant must demonstrate that his application meets the governing standards. Compare *Steigler v. Superior Court, etc.,* supra in which this Court determined that it did not have power to grant bail prior to conviction. That burden is fairly placed because, as we said in *State v. Flowers,* Del.Supr., 330 A.2d 146 (1974),

"Once a defendant has been adjudicated guilty by judge or jury, the reasons for granting bail—unhampered preparation of defense and postponement of punishment until conviction, *Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct., 1, 3, 96 L.Ed. 3 (1954)—vanish. They are swept away by the conviction as surely as is the presumption of innocence. Cf. *Bradfield v. State,* Del.Gen.Sess., 92 A. 988 (1914)."

II

I turn now to the governing statute, 11 Del.C. § 4502, which provides in pertinent part:

"No writ of error . . . issuing from the Supreme Court in any criminal cause shall operate as a stay of execution of the sentence of the trial Court unless such writ . . . be sued out within thirty days from the date of final judgment in the Court below, and unless the plaintiff in error obtains from the trial court (or, if the trial court refuses, then from one of the Justices of the Supreme Court) a certificate that there is reasonable ground to believe that there is error in the record which might require a reversal of the judgment below, or that the record presents an important question of substantive law which ought to be decided by the Supreme Court, and unless the plaintiff in error furnishes bond to the State of Delaware, with surety to be approved and in an amount to be fixed by one of the Justices of the Supreme Court, conditioned as prescribed by rule of court. . . ."[2]

■ Procedurally, the statute requires that an application for stay first be made to the Trial Court before this Court may consider it. Here, defendant applied to the Superior Court for bail and was refused, so there is no question about the power of this Court to act on the pending motion. And since the appeal was docketed within the thirty days after final judgment, the motion is ready for decision on its merits.

The key criteria in the statute are two in number; that is, to secure bail a defendant must show either a "reasonable ground to believe that there is error which might require a reversal," *or* that there is an "important question of substantive law which ought to be decided by the Supreme Court." These requirements are stated in the disjunctive, they are alternatives and, therefore, a defendant is entitled to bail if he establishes a right under either of them.

1. The common law doctrine was that one committed in execution of a sentence could not be bailed, even while a reversal of judgment was sought. Bishop's *New Criminal Procedure* § 254.1.

2. "Writs of error" have been abolished and the Supreme Court now hears "appeals" from the Superior Court in criminal cases. Const. Art. IV § 11(1)(b) and (2).

While the substance of the statute dates to at least 1915, Delaware decisions discussing it are few and there do not appear to be any reported opinions applying the criteria.[3] But certainly an Appellate or Trial Court Judge considering a motion under § 4502 does not have to conclude that the judgment will be reversed. Cf. *People v. Politano,* N.Y.Supr., 224 N.Y.S. 2d 406 (1962). He need only identify the necessary "error in the record" or the "substantive law" question in issue.

Before discussing these fundamental requirements of the statute, I should note that, in my view, when a motion is made to a Justice of the Supreme Court, § 4502 contemplates an independent consideration of the matter. I say this because the statute does not seem to provide for a "review" of the discretionary judgment made by the Trial Court in denying bail, nor does it require a direction to that Court. But, of course, in ruling on the motion, a Justice of this Court should consider the ruling by the Trial Judge and any known reasons given for it.

Turning first to the "law-question" side of the statute, the requirement seems fairly clear: it must be "important," and, it must be one of "substantive law," and, it must be one which "ought" to be decided by the Delaware Supreme Court.

The other basis for bail is not so clear. Under the statute it may be granted if there is "error in the record" which might require a reversal. The phrase is not defined and, arguably, it may be given more than one meaning. But, on reflection, it seems reasonable to conclude that it is directed to the factual and/or evidentiary aspects of the case; I say that because such a construction complements the "law question" and any other view would probably involve a modification of that

side of the statute or make it redundant. In brief, I conclude that this side of § 4502 states the criteria to be applied when errors of fact and/or evidence are alleged.

With the statute thus viewed, I turn now to the specifics of the motion filed in this case.

### III

Defendant alleges some twelve separate reasons in support of his right to a stay but, as I read them, it is unnecessary to discuss each separately.

Three of the reasons relate to evidentiary questions: admissibility of his wife's testimony, introduction of his own oral statement, and the qualifications of an expert witness. Two others concern the circumstances under which the case was tried: failure of the Trial Court to order a change of venue and failure to sequester the jury during the trial. While these grounds do involve legal issues, it seems to me that they cannot be examined or tested without reference to the relevant facts. And the short of it is that the record facts are not before me. That may not be surprising since the motion was made and heard when the appeal was filed, but it is fatal because I cannot make a finding that these reasons constitute "error in the record which might require a reversal." In brief, defendant has not met the burden fairly placed on him by the law. *State v. Flowers,* supra.

Four of the reasons given in support of the motion relate to the Trial Court's instructions to the jury: adequacy of the charge on circumstantial evidence, alleged comments on the evidence, whether lesser included offenses should have been charged and whether an instruction on "flight" was appropriate. While these may be significant questions when the merits of the appeal are considered, all appear to in-

3. Compare 11 Del.C. § 4502 with statutory procedures in other jurisdictions. See generally 24A C.J.S. supra. There appears to be "no hard and fast rule" governing bail and each application is determined in light of the governing law and the facts. 24A C.J.S. supra.

volve principles of law decided by our Courts on past occasions and I am unable to say that any one or all of them involve an "important question of substantive law which ought to be decided by the Supreme Court."

One reason stated in support of the motion relates to closing arguments by the prosecution and that, too, has been the subject of prior decisions by this Court.

On the law side of § 4502, one reason for bail relates to what occurred during the jury's deliberations: police officers who had testified for the State provided additional security for the jury while it was at dinner after deliberations had begun, and the Trial Judge had dinner at a table in the same hotel room with those officers and Court personnel within possible view of the jurors. A motion based on this incident was heard by a different Superior Court Judge and denied, *State v. Bailey*, Del.Super., 352 A.2d 415 (1976).

For present purposes, I conclude that this presents an important question of law and there does not appear to be any direct Delaware Supreme Court opinion deciding it. But that is not determinative because there appears to be a pertinent decision of the United States Supreme Court binding on this Court. See *Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), applying Fourteenth Amendment due process standards. See also *Annot.*, 38 A.L.R.3d 1012. The Trial Judge who heard the motion carefully considered *Turner* and concluded that the facts of this case did not fall within it. The question, then, is not what the substantive law is because, for present purposes, I regard that as settled by *Turner*. The critical question is whether or not the facts fall within *Turner*. In short, I conclude that the question relating to contacts with the jury during deliberations is not one of substantive law which ought to be decided by this Court.

The final reason argued by defendant is general and relates to a number of those already considered.

In sum, after considering all of the reasons advanced by defendant in support of his claim to bail, I conclude that he has not established his right under either side of § 4502.

\* \* \* \* \* \*

Finally, I emphasize that in denying defendant's motion, the ruling applies statutory standards only and is limited to the bail issue; and it is made at a time when I have before me only the petition and the arguments made by counsel when it was presented. I do not want to be understood as ruling in any way on the merits of the appeal.

\* \* \* \* \* \*

The application for a certificate of reasonable doubt will be denied. It is so ordered.