John H. **BAILEY**, Defendant below,
Appellant,

v.

**STATE** of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Submitted March 30, 1976.

Decided April 8, 1976.

Morton Richard Kimmel and Paul H. Spiller, of Kimmel, Spiller & Bradley, P. A., Wilmington, for defendant below, appellant.

Richard J. McMahon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

DUFFY, Justice:

Defendant moved for reargument of the opinion denying his motion for a certificate of reasonable doubt. The renewal is based on precisely the same grounds alleged in the original motion but is supported by case citations and a lengthy appendix which includes a large part of the testimony given at trial. Counsel have advised the Court in letter memoranda of their respective views on both the procedure governing reargument and the merits of the motion.

Relying on *People v. Politano*, N.Y. Supr., 224 N.Y.S.2d 406 (1962), defendant argues that the test on the merits should be whether or not there exists in the record some arguable question worthy of consideration by an appellate court. The State contends that a motion for a certificate of reasonable doubt should be decided only once during the appellate process and, in any event, the renewed motion is without merit.

■ It is my view that, absent extraordinary circumstances, one application to a Justice of this Court and a ruling thereon should govern the bail question. That is the guiding principle in substantially all litigation and I perceive no basis for a different rule in an application under 11 Del. C. § 4502. But since this is the first ruling on such a question, the motion will not be decided on that basis.

■ Given the narrow function of an appellate bail proceeding, I conclude that a Justice of this Court should not be expected to make an in-depth analysis of the record to make the findings of error for which defendant argues. Indeed, in so doing a Justice might well find himself deciding the merits of an issue on appeal, which could lead to disqualification. Of course some inquiry into the allegations of "error in the record" is required but the question is how much. In my judgment, any error on which an appellant relies should be clear, flagrant, manifest, obvious or plain from the record. Stated otherwise, it should not require a comparative analysis of testimony or an in-depth evaluation or weighing of evidence, whether in whole or in part.

So viewed I conclude that the fact side of the motion is without merit and, on the law side, nothing has been said which persuades me to change the views expressed in the opinion.

Defendant's motion for reargument is denied. IT IS SO ORDERED.