**Kim MANLOVE, Defendant Below Appellant,**

v.

**STATE of Delaware, Plaintiff Below Appellee.**

Supreme Court of Delaware.

Submitted: March 25, 1987.
Decided: March 31, 1987.

**534**

Kim Manlove, pro se.

Loren C. Meyers, Deputy Atty. Gen., Wilmington, for appellee.

HOLLAND, Justice:

Appellant Kim Manlove was convicted in July 1984, following a jury trial in the Superior Court, of possession with intent to deliver marijuana, possession with intent to deliver cocaine, and resisting arrest. On appeal, this Court affirmed the convictions under Rule 26(c). *Manlove v. State*, 497 A.2d 789 (1985) (Christie, J.) (order). A motion for post-conviction relief was denied by the Superior Court on November 17, 1986. This appeal followed.

Manlove applied in the Superior Court for a certificate of reasonable doubt while this appeal is pending. The Superior Court *sua sponte* denied that motion. Manlove has now filed a motion in this Court for a certificate of reasonable doubt. The State opposes the request contending first, that it is untimely and second, that this Court has no jurisdiction to act on this petition.

■ Apart from the jurisdictional issue hereafter addressed, a motion for a certificate of reasonable doubt must be made within 30 days of the order from which the defendant appeals. 11 *Del.C.* § 4502. The defendant's motion for post-conviction relief was denied on November 17, 1986. No motion under 11 *Del.C.* § 4502 was made within the required time. The defendant's failure to comply with the statute requires that his application be denied since it is time barred under 11 *Del.C.* § 4502.

The present request for a certificate of reasonable doubt follows the Superior Court's denial of a motion for post-conviction relief pursuant to Rule 35. In this context, the issue is one of first impression and provides an independent alternative basis for denying the defendant's request for a certificate of reasonable doubt. Except for inherent powers, this Court has only such powers as are granted to it by statute or the Constitution, expressly or by necessary implications. By virtue of 11 *Del.C.* § 4502, this Court may grant bail after conviction and pending an appeal. There is no statutory or constitutional authority vested in this Court to grant bail prior to conviction. *Steigler v. Superior Court, in and for New Castle County*, Del.Supr., 252 A.2d 300 (1969). Similarly, 11 *Del.C.* § 4502 does not provide any authority for granting bail after a conviction has become final and following the denial of an unsuccessful motion pursuant to Rule 35.

■ The modern post-conviction provisions such as Superior Court Criminal Rule 35 were unknown when 11 *Del.C.* § 4502 was enacted (35 Del.Laws c. 231 (1927)). This Court's authority under 11 *Del.C.* § 4502 is limited to situations involving the *direct* review of a conviction and provides no basis for this Court to act during an appeal following an unsuccessful collateral attack upon a conviction that has become final.

IT IS HEREBY ORDERED that the defendant's application for a certificate of reasonable doubt be and the same is hereby

DISMISSED.