**Tommy C. ELLER, Defendant Below Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Aug. 26, 1987.
Decided: Aug. 26, 1987.
Opinion Issued: Aug. 28, 1987.

See also, 531 A.2d 951.

Randall E. Robbins, of the law firm of Ashby, McKelvie & Geddes, of Wilmington, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Division, Wilmington, for appellee.

HOLLAND, Justice:

Tommy C. Eller was convicted, after a jury trial in the Superior Court, of driving under the influence of alcohol. He was sentenced on July 6, 1987, to imprisonment for sixty (60) days, commencing on July 30, 1987. On July 15, 1987, Eller filed a motion for a new trial in the Superior Court. During the pendency of the new trial motion, the Superior Court stayed the execution of its sentence. The new trial motion, after briefing, was denied by a letter opinion dated August 12, 1987. The stay of execution was lifted by an order dated August 19, 1987. Eller applied to the Superior Court for a certificate of reasonable doubt on August 21, 1987. He did not request that bail be set. The Superior Court issued the certificate of reasonable doubt on August 24, 1987.

Eller docketed an appeal with this Court on August 25, 1987. That same day, Eller filed a motion requesting this Court to set bail and stay the execution of his sentence. On August 26, 1987, Eller filed an amended notice of appeal and an amended motion requesting this Court to set bail and stay the execution of his sentence. On August 26, 1987, the State opposed Eller's request for a stay of execution and moved to vacate the certificate of reasonable doubt that had been issued by the Superior Court.

This Court agreed to consider Eller's applications on an expedited basis pursuant to Supr.Ct.R. 25 since Eller's imprisonment was scheduled to commence on August 27, 1987. On August 26, 1987, after considering the parties written submissions and following oral argument, the Court verbally denied Eller's motion for a stay of the execution of his sentence and stated that a written opinion would be forthcoming. This is the Court's opinion.

Eller's motion for a stay of execution of his sentence was filed pursuant to 11 *Del.C.* § 4502 and Supr.Ct.R. 32(b), (d) of this Court. Rule 32(b) in pertinent part provides:

(b) *Stay in criminal proceedings.* The right to a stay of execution and bail in criminal cases shall be as provided by statute and by these Rules. On applica-

tion for a stay of execution and bail, the provisions of any applicable statute *must* be met ... (emphasis added).

The applicable statute in this case is 11 *Del.C.* § 4502. The pertinent part of that statute states:

No writ of error or writ of certiorari issuing from the Supreme Court in any criminal cause shall operate as a *stay of execution of the sentence* of the trial court unless such writ or error or writ of certiorari be sued out *within thirty days from the date of final judgment in the court below,* and unless the plaintiff in error obtains from the trial court (or, if the trial court refuses, then from one of the Justices of the Supreme Court) a certificate that there is a reasonable ground to believe that there is error in the record which might require a reversal of the judgment below, or that the record presents an important question of substantive law which should be decided by the Supreme Court.... (emphasis added.)

Before this Court can reach the merits for a stay of Eller's sentence, it *must* be satisfied that the statutory requirements have been met. Supr.Ct.R. 32(b). The statute, 11 *Del.C.* § 4502, requires Eller to demonstrate that the application for a stay has been made within thirty days from the date of final judgment in the court below. In the event that the appellant's application is not made within thirty days from the date of final judgment in the court below, this Court is without jurisdiction to grant a stay.

The final judgment in a criminal proceeding is the date upon which "a sentence of specific severity has been pronounced." *Norman v. State,* Del.Supr., 177 A.2d 347, 349 (1962). For the purposes of construing 11 *Del.C.* § 4502, it follows that if there is to be a stay of execution of the sentence of the trial court, it must be requested within thirty days from the date of final judgment in the court below, i.e. pronouncement of sentence in the court below. In this case, Eller was sentenced on July 6, 1987 to a term of imprisonment which was originally scheduled to com-

mence on July 30, 1987. The trial court subsequently stayed the execution of the original sentence pending its consideration of a motion for a new trial. On August 19, 1987, following its denial of Eller's motion for a new trial, the Superior Court entered an order which read: "The stay of execution of the sentence *imposed on July 6, 1987* has been lifted. Instead of July 30, 1987, the 60–day sentence imposed will begin on Thursday, August 27, 1987." (emphasis added). Eller did not apply to this Court for a stay of execution of his sentence within thirty days of the final judgment, i.e. sentence in court below on July 6, 1987. Eller's failure to comply with the statute precludes relief by this Court. Supr.Ct.R. 32(b); 11 *Del.C.* § 4502.

 Eller argues that since his amended appeal was filed within thirty days of the Superior Court decision denying his motion for a new trial, this Court has authority to grant a stay of execution of the sentence which was imposed on July 6, 1987.[1] This position is inconsistent with the applicable statute as well as the rules and prior decisions of this Court. 11 *Del.C.* § 4502; Supr.Ct.R. 6(2); *Manlove v. State,* Del.Supr., 523 A.2d 533 (1987). The filing of a motion for a new trial in a criminal proceeding does not extend the time for the filing of a direct appeal in a criminal case and does not extend the time for requesting the stay of execution of a sentence.

Supreme Court Rule 6 as amended in 1984, now reads:

A notice of appeal shall be filed in the office of the Clerk of this Court as follows: (1) Within 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken in a civil case except as to appeals controlled by § 146 of Title 10; (2) within 30 days after a sentence is imposed in a direct appeal of a criminal conviction; and (3) within 30 days after entry upon the docket of a judgment or order in any proceeding for post-conviction relief. In any civil action in which a timely notice of appeal is filed

by a party, any other party may file a notice of appeal within 15 days after the date on which the first notice of appeal was filed, or within 30 days after entry of the judgment or order from which the appeal is taken, whichever is later.

Supreme Court Rule 6(2) provides that the time for taking a direct appeal in a criminal case commences with the imposition of the sentence. Supreme Court Rule 6(3) gives this Court authority to review criminal proceedings for post-conviction relief if an appeal is perfected within thirty days after entry upon the Superior Court docket of a judgment or order in a post-conviction proceeding. A motion for a new trial in a criminal case is a separate form of post-conviction relief. The time for filing a direct appeal following the pronouncement of a sentence via Rule 6(2) is separate and distinct from an appeal under Rule 6(3) when a post-conviction motion for a new trial is denied. The time for filing a direct appeal is not extended by the filing of a motion for a new trial in a criminal proceeding.

Eller has argued that if a motion for a new trial in a criminal proceeding does not toll the running of the appeal period and suspend the finality of a conviction, the orderly administration of justice would be disrupted. The opposite is true. The orderly administration of justice requires that there be a prompt review by this Court of criminal convictions that have become final. The benchmark of finality in a criminal proceeding has always been the date upon which sentence is imposed. *See Norman v. State,* Del.Supr., 177 A.2d 347 (1962); *Hunter v. State,* Del.Supr., 209 A.2d 469 (1965); *Johnson v. State,* Del.Supr., 227 A.2d 209 (1967).

 In the event that the motion for a new trial remains undecided after a sentence is imposed, a direct appeal of the criminal conviction *must* still be filed with this Court within thirty days after the sentence, despite the unresolved motion for a new trial. Supreme Court Rule 6. Al-

---

**1.** The amended notice of appeal in this case states that Eller is appealing from the criminal conviction and sentence of July 6, 1987, *and* *from the decision denying his motion for a new trial dated August 12, 1987.* (emphasis in original).

though it is true that the filing of an appeal with this Court divests the Superior Court of jurisdiction to decide the unresolved motion for a new trial, the appropriate procedure (and long-standing practice in this Court) is for the appellant to file a motion in this Court to have his case remanded to the Superior Court for the purpose of deciding the motion for a new trial.

In this case, Eller did not file a direct appeal within thirty days after his sentence was imposed. Therefore, Eller's conviction became final. If the only matter properly on appeal before this Court is a review of the Superior Court's denial of Eller's motion for a new trial, then Eller's appeal will remain pending pursuant to Supreme Court Rule 6(3), but not Supreme Court Rule 6(2). Eller's appeal will therefore not involve a direct review of his conviction. This Court's authority under 11 *Del.C.* § 4502 is limited to situations involving the direct review of a conviction and provides no basis for this Court to act during an appeal following a conviction that has become final. *Manlove v. State,* Del.Supr., 523 A.2d 533, 534 (1987).

Supreme Court Rule 6(2) and 11 *Del.C.* § 4502 require that the direct appeal and the stay of execution *both* take place within thirty days of the sentence, i.e., final judgment. Since Eller did not appeal or apply for a stay of execution of his sentence within thirty days of when that sentence was imposed, not only is this Court without authority to grant a stay of his sentence but this Court is also apparently without authority to hear Eller's direct appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED that Eller's motion for a stay of execution of his sentence is DENIED, the State's motion to vacate the certificate of reasonable doubt issued by the Superior Court is GRANTED and Eller is ordered to show cause within ten days as to why his efforts to take a direct appeal should not be dismissed as untimely.

Eller has filed a motion for reargument with respect to the Court's oral ruling. That motion is DENIED.