**Julio A. TORRES, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Aug. 29, 1990.
Decided: Sept. 7, 1990.

Ralph K. Durstein, III, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for appellee.

Before HORSEY, MOORE, and HOLLAND, JJ.

PER CURIAM:

Defendant-appellant, Julio A. Torres, after filing in this Court a notice of appeal from his convictions and sentence of incarceration for various drug offenses, has moved for a stay of execution of sentence, pursuant to 11 *Del.C.* § 4502 and Supreme Court Rule 32(b). The appellee State has filed a response in opposition thereto; and we conclude that we must dismiss defendant's motion for this Court's lack of jurisdiction to entertain the motion under 11 *Del.C.* § 4502.

Following defendant Torres' conviction in trial by jury in Superior Court of various drug offenses, including Trafficking in Cocaine, Possession with Intent to Deliver Cocaine, and Maintaining a Dwelling for Keeping Controlled Substances, defendant was sentenced on July 25, 1990 to a minimum/mandatory term of three years' incarceration as required by 16 *Del.C.* § 4753A(a)(2), with a further term suspended in favor of probation.

On August 2, 1990, defendant timely docketed a notice of appeal of his conviction and sentence.

On August 23, 1990, defendant filed the within motion in this Court for stay of execution of his sentence by Superior Court. Invoking the language of section 4502, he asserts that there is "reasonable ground to believe that there is error in the record which might require reversal of the judgment below" and that this case presents "important questions of substantive law" which should be decided by this Court. Defendant further contends that incarceration will result in "extreme prejudice" to him and his family through loss of gainful employment during the pendency of the appeal.

Appellee State responds that because defendant did not, before docketing his appeal, apply to the trial court for a certificate of reasonable doubt, pursuant to 11 *Del.C.* § 4502, defendant's application for a stay and release on bail is "foreclosed." The State thus raises a jurisdictional bar to consideration of defendant's motion. Alternatively, the State argues that defendant's application for a stay is time barred for failure of defendant, within 30 days of imposition of sentence, to seek a stay in the trial court. The State asserts as authority for this proposition this Court's decision in *Eller v. State*, Del.Supr., 531 A.2d 948, 949 (1987). Because more than thirty days have "now passed" from the date of final judgment of the trial court, the State argues that Torres' stay motion is statutorily time barred. We agree that this Court lacks subject matter jurisdiction and that the statutory time period has otherwise run for defendant to now initiate such relief, as he must, in Superior Court.

 The right to a stay of execution and release on bail pending appeal in criminal cases is strictly controlled by statute, 11 *Del.C.* § 4502; *Eller*, 531 A.2d 948, 949; *Manlove v. State*, Del.Supr., 523 A.2d 533 (1987); *Bailey v. State*, Del.Supr., 352 A.2d 411, 413 (1976), *reargument denied*, 354 A.2d 751 (1976), *cert. denied*, 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977); Supr.Ct.R. 32(b). Section 4502, in effect,

provides that the timely filing of a notice of appeal in this Court in a criminal matter shall not operate as a stay of execution of the sentence of the trial court. Section 4502 further precludes this Court's consideration of such an application:

unless the [defendant-appellant] *obtains from the trial court* (or, *if the trial court refuses*, then from 1 of the Justices of the Supreme Court) a certificate that there is reasonable ground to believe that there is error in the record which might require a reversal of the judgment below, or that the record presents an important question of substantive law which ought to be decided by the Supreme Court, and unless the [defendant-appellant] furnishes bond to the State with surety to be approved and in an amount to be fixed by 1 of the Justices of the Supreme Court, conditioned as prescribed by rule of court.... (underlining added).

In *Eller*, this Court ruled that this Court was without jurisdiction ("authority") under section 4502 to entertain an application for stay of sentence unless it was

requested within thirty days from the date of final judgment in the court below, i.e., pronouncement of sentence in the court below.

\* \* \* \* \* \*

Eller did not apply *to this Court* for a stay of execution of his sentence within thirty days of the final judgment, i.e. sentence in court below on July 6, 1987. Eller's failure to comply with the statute precludes relief by this Court. Supr. Ct.R. 32(b); 11 *Del.C.* § 4502.

*Eller v. State*, 531 A.2d at 949–50 (emphasis added). There, a timely application for a certificate of reasonable doubt had been sought and granted by Superior Court.

 Applying *Eller* to the facts of this case, we conclude that defendant Torres' motion for stay of execution may not be rejected as untimely filed under *Eller*. Here, the trial court imposed sentence on Torres on July 25; a timely stay of execution would be required to have been filed in this Court within thirty days of that day, or by August 24. Since defendant's motion

for stay of execution was docketed in this Court on August 23, 1990, his motion was timely under *Eller*.

■ However, for Torres to invoke this Court's jurisdiction to entertain his stay application under section 4502, defendant was also obliged to comply with the statutory provisions requiring application for a "certificate of reasonable doubt." *Eller*, 531 A.2d at 949. The plain language of section 4502 required defendant to make such an application in the first instance to the trial court. It is apparent from the record that defendant did not. This Court lacks original jurisdiction to undertake such a review. *State v. Gerber*, Del.Supr., No. 33, 1989, Walsh, J. (April 18, 1989) (ORDER); *Probst v. State*, Del.Supr., No. 394, 1986, Horsey, J. (Dec. 22, 1986) (ORDER); *Vick v. State*, Del.Supr., No. 289, 1984, Horsey, J. (Nov. 14, 1984) (ORDER). Having failed to initiate a reasonable doubt proceeding in Superior Court, this Court lacks jurisdiction to entertain defendant's otherwise timely filed motion for stay of execution of sentence.

\* \* \*

Dismissed.