# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | **Crim. ID No. 1312014951** |
| **v.** | ) | |
| | ) | **Supreme Court No. 147, 2015** |
| | ) | |
| JEROME MADISON | ) | |

Submitted: July 7, 2015
Decided: July 21, 2015

## ORDER ON DEFENDANT'S MOTION TO COMPEL

This 21st day of July, 2015, upon consideration of the Defendant's Motion to Compel (D.I. 72), the State's response (D.I. 74), and the record in this matter, it appears to the Court that:

(1)    Defendant-Appellant Jerome Madison was convicted of eleven crimes after a nonjury trial in this Court including, *inter alia*, first degree rape, attempted rape, unlawful sexual contact, kidnapping and assault involving two different victims. At trial, Madison was represented by counsel. At sentencing, Madison was sentenced to a term that included forty-two years of imprisonment.

(2)    His trial counsel filed Madison's direct appeal to the Delaware Supreme Court. The Office of Public Defender then substituted for trial counsel

but has since, at Madison's urging, been discharged so that he may proceed *pro se*.[1] His direct appeal remains pending before the Delaware Supreme Court with Mr. Madison representing himself.[2]

(3)     On July 7, 2015, Madison filed the instant "Motion to Compel/DNA Results/Chain of Custody" asking that this Court compel the State to produce: (a) the "chain of custody report concerning DNA samples taken from" the victims and himself; and (b) "all scientific test results taken from" the victims and himself.[3]     Presumably, this application is made pursuant to Superior Court Criminal Rule 16(d)(3)(C), even though that is a rule governing pre-trial discovery that requires both a showing of a party's failure to comply with a proper Rule 16 discovery request and the filing of a timely motion after such failure.[4]

(4)     The State has responded to Madison's motion as follows:  (1) during the pendency of Madison's direct appeal, this Court is without jurisdiction to decide his motion; and (2) even if the Court could act on the motion, "DNA testing was not requested nor performed because identity was not an issue in the case . . .

---

[1]     *Madison v. State*, Del. Supr., No. 147, 2015, Valihura, J. (June 30, 2015).

[2]     *Id.*

[3]     Def. Mot. to Compel, at 8.

[4]     Del. Super. Ct. Crim. R. 16(d)(3)(C) ("*Motion to compel*. -- If a party fails to comply with a request the opposing party may move for an order compelling compliance with the request. A motion to compel shall be filed within ten days after the time for response or at such other time as ordered by the court.").

-2-

[b]oth Defendant and Defense counsel were made aware that DNA testing was not requested prior to June of 2014."[5]

(5)     Does the filing of a direct appeal in a criminal case divest the Superior Court of jurisdiction to consider a motion to compel discovery while the appeal is pending?  The general rule is that "the proper perfection of an appeal . . . divests the trial court of its jurisdiction over the cause of action."[6]  There are exceptions to the general rule.   Our Supreme Court has recognized limited circumstances, involving "collateral or independent matters," where a trial court might exercise concurrent jurisdiction.[7]  But it is the general rule that is most-oft applied in a criminal case,[8]  and that should be followed here.  Madison's is not a request as to a "collateral or independent matter."

(6)     Before the Delaware Supreme Court only "the original papers and exhibits [ ] shall constitute the record on appeal."[9]  There is no "discovery" during the pendency of an appeal.  And the parties are not free to expand or supplement

---

[5]     State's Ans. to Mot. to Compel, at 2.

[6]     *Radulski ex rel Taylor v. Delaware State Hosp.,* 541 A.2d 562, 567 (Del. 1988).

[7]     *Id.*

[8]     *See Eller v. State,* 531 A.2d 948, 951 (Del. 1987) (Superior Court was divested of jurisdiction to rule on the motion for new trial when direct appeal was pending); *Carter v. State,* 2005 WL 1175938, at *1 (Del. May 16, 2005) (same for postconviction motion).

[9]     Del. Supr. Ct. R. 9(a); *Id.* 9(b) (the record on appeal contains all of the original papers, photographs and documentary exhibits in the court below, along with the prepared transcript).

the record on appeal.[10] In turn, this Court has no jurisdiction to enter orders designed to do so. If Madison prevails on appeal, any discovery matters would be addressed by this Court before any potential re-trial. If he is unsuccessful on appeal, expansion of the record and discovery matters can be addressed during any postconviction proceedings.[11]

**NOW, THEREFORE, IT IS ORDERED** that Madison's Motion to Compel is **DISMISSED, without prejudice,** as this Court can take no action on that application; his pending direct appeal divested this Court of jurisdiction to address the merits of such Motion.[12]

*/s/ Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary

cc:   Elizabeth R. McFarlan, Esquire, Chief of Appeals
      Karin M. Volker, Esquire, Deputy Attorney General
      Mr. Jerome Madison, *pro se*

---

[10]   *See generally Delaware Appellate Handbook* § 4.14, at 4-xviii (2d ed. 1996).

[11]   *See* Super. Ct. Crim. R. 61(g) (providing that the Court "may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion"); *see also Dawson v. State,* 673 A.2d 1186, 1197-98 (Del. 1996) (while this Court's Criminal Rule 61 makes no provision for additional discovery, the Court has found it possesses "'the inherent authority under Rule 61 in the exercise of its discretion to grant particularized discovery for good cause shown'"—such discovery may be granted under a good cause standard when an inmate demonstrates a "compelling reason for the[ ] [requested material's] discovery.").

[12]   *Walker v. State*, 2000 WL 1535299 (Del. Oct. 10, 2000).