# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                        |   |                |
|------------------------|---|----------------|
| STATE OF DELAWARE,     | ) |                |
|                        | ) |                |
| v.                     | ) |                |
|                        | ) | No. 1804014579 |
| DYRON GREEN,           | ) |                |
|                        | ) |                |
| Defendant.             | ) |                |

## ORDER

On this 21st day of November, 2019, **IT IS HEREBY ORDERED** as follows:

Before the Court is Defendant Dyron Green's Motion Seeking the Issuance of a Certificate of Reasonable Doubt. On July 10, 2019, a jury convicted Defendant of Driving a Vehicle while under the Influence of Alcohol or with a Prohibited Alcohol Content. The Court has reviewed Defendant's motion and the State's Response. For the following reasons, Defendant's motion is **DENIED.**

## Background

On April 23, 2018 around 1:20 a.m., Delaware State Police Trooper Abrenica discovered Defendant Dyron Green unconscious in the driver's seat of a truck that was stopped in a turn lane. The truck was in drive, and Defendant's foot was on the break. While Trooper Abrenica waited in his vehicle for backup, the truck slowly rolled forward, out of the turn lane, and through an intersection. Trooper Abrenica pursued and engaged his siren; as Defendant drove away, Trooper Abrenica

1

observed a beer can fall out of the back of Defendant's truck. Defendant pulled into a parking lot where Trooper Abrenica initiated a traffic stop.

When Trooper Abrenica interacted with Defendant he noticed that Defendant smelled of alcohol, had bloodshot eyes, and had a flushed face. Defendant refused to take field sobriety tests. Trooper Abrenica transported Defendant to the police station for a blood draw. At the station Trooper Abrenica observed the phlebotomist draw Defendant's blood. After testing for blood alcohol content, the Director of the Delaware State Crime Lab concluded that Defendant's blood from April 23, 2018 had a blood alcohol content of .17.

A jury trial in this matter occurred on July 9–10, 2019. On July 10, 2019, the jury found Defendant guilty of Driving a Vehicle while under the Influence of Alcohol or with a Prohibited Alcohol Content, a violation of 21 *Del. C.* § 4177(a).

### Parties' Assertions

Defendant moves for the issuance of a Certificate of Reasonable Doubt. Defendant argues that there is sufficient evidence in the record to undermine the jury's verdict. Defendant contends that reasonable doubt exists as a result of two errors: 1) this Court's denial of a jury instruction requiring the state to prove that Defendant's blood alcohol content was a result of his consumption of alcohol; and 2) the State's failure to show compliance with the blood test tube manufacturer's instructions regarding the proper collection process for Defendant's blood.

2

In response, the State requests Defendant's motion be denied, arguing that Defendant failed to meet his burden for obtaining a Certificate of Reasonable Doubt. The State argues that Defendant improperly frames the alleged jury instruction error as an alleged error of fact when it is, in truth, an alleged error of law. Defendant has not, the State contends, satisfied the required standard under 11 *Del. C.* § 4502 for the alleged jury instruction error. Finally, the State argues that neither error alleged by Defendant are actual errors.

## Discussion

Under 11 *Del. C.* § 4502, a writ of certiorari issuing from the Supreme Court shall not operate as a stay of the sentence imposed by the trial court unless the defendant obtains a Certificate of Reasonable Doubt from this Court.[1] To obtain this certificate, "a Defendant must show either a reasonable ground to believe that there is error which might require a reversal, or that there is an important question of substantive law which should be decided by the Supreme Court."[2] These requirements are alternative avenues of relief.[3] The defendant has the burden of showing an error of record that might require reversal or an important question of substantive law.[4]

---

[1] 11 *Del. C.* § 4502.
[2] *State v. Smith*, 2004 WL 2744878, at *2 (Del. Super. Nov. 12, 2004).
[3] *Bailey v. State*, 352 A.2d 411, 413 (Del. 1976).
[4] *See id.* ("In brief, defendant has not met the burden fairly placed on him by the law."); *Smith*, 2004 WL 2744878, at *2.

3

Defendant makes his arguments under the "error of record" avenue.[5] Defendant must show that there is an error of record which might require reversal.[6] Any error on which Defendant relies should be "clear, flagrant, manifest, obvious or plain from the record."[7] Defendant claims two errors: 1) this Court's alleged failure to issue a certain jury instruction; and 2) the State's alleged failure to show compliance with the blood test tube manufacturer's instructions.

The Court finds that neither alleged error might require reversal. First, this Court has already found that there was not sufficient evidence in the record to support Defendant's proposed jury instruction.[8] "A jury instruction on a particular issue is warranted when there is sufficient evidence in the record to support it."[9] Because there was not sufficient evidence to support Defendant's proposed jury instruction, it was not an error for this Court to decline to issue such an instruction. Second, this Court has also already found that the State put forth sufficient evidence for a reasonable trier of fact to conclude that Defendant's blood was properly

---

[5] *See* 11 *Del. C.* § 4502 (requiring a defendant show an error in the record that might require reversal).

[6] *Smith*, 2004 WL 2744878, at *2 ("The statute does not require the reviewing Judge to conclude that the trial court's ruling *will be* reversed. Rather, the Court need only identify an error which *might* require a reversal.").

[7] *Bailey v. State*, 354 A.2d 751, 752 (Del. 1976).

[8] In its decision on Defendant's Motion for a New Trial, the Court engaged in a thorough analysis of the sufficiency of the evidence in the record regarding Defendant's proposed jury instruction. *State v. Green*, 2019 WL 5268906, at *2 (Del. Super. Oct. 14, 2019).

[9] *Hitchens v. Cannon & Cannon, Inc.*, 1991 WL 32162, at *3 (Del. Mar. 1, 1991).

4

collected.[10] In addition, this Court has also already found that, "even without the blood test results, the State still produced enough evidence for a rational juror to find Defendant guilty beyond a reasonable doubt."[11] There was no error in the State's case because: 1) the State did not fail to show compliance with the manufacturer's instructions; and 2) even if the State had failed to show such compliance, there was additional evidence in the record that was sufficient to establish beyond a reasonable doubt that Defendant violated 21 *Del. C.* § 4177.

Finally, as the State correctly points out,[12] Defendant's alleged jury instruction error falls under § 4502's "question of substantive law" avenue.[13] Under the "question of substantive law" avenue, a defendant must show that the error is: 1) important; 2) one of substantive law; and 3) one which ought to be decided by the Delaware Supreme Court.[14] Defendant failed to make this showing.

As discussed above, there was not sufficient evidence presented at trial to justify issuing Defendant's proposed jury instruction. There was no admissible

---

[10] The Court engaged in a thorough analysis of Defendant's "compliance with the manufacturer's instructions" argument in its decision on Defendant's Motion for Judgment of Acquittal. *State v. Green*, 2019 WL 5273230, at *4 (Del. Super. Oct. 14, 2019).

[11] *Id.*

[12] State's Resp. to Def.'s Mot. for Issuance of a Certificate of Reasonable Doubt ¶¶ 1, 10–11.

[13] *See* 11 *Del. C.* § 4502 (requiring a defendant show that the record presents an important question of substantive law which ought to be decided by the Supreme Court).

[14] *Bailey*, 352 A.2d at 414.

evidence that Defendant had elevated levels of ethanol in his body. No expert testified that Defendant had a condition which might affect the amount of ethanol in his blood. Finally, there was no evidence presented linking Defendant's "fungal maladies"[15] to the potential creation of excess ethanol in Defendant's blood. Therefore, the alleged jury instruction error is not an important question of substantive law which the Delaware Supreme Court ought to decide because nothing in the record supports issuing that jury instruction.[16]

## Conclusion

For the aforementioned reasons, Defendant's Motion Seeking Issuance of a Certificate of Reasonable Doubt is **DENIED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[15] Def.'s Mot. Seeking the Issuance of a Certificate of Reasonable Doubt 1.
[16] On this same issue, Delaware Supreme Court Justice Duffy reached the following conclusion:

> While these [jury instruction questions] may be significant questions when the merits of the appeal are considered, all appear to involve principles of law decided by our Courts on past occasions and I am unable to say that any one or all of them involve an important question of substantive law which ought to be decided by the Supreme Court.

_Bailey_, 352 A.2d at 414–15.

6