# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 2201002540 |
| | ) | |
| JOSEPH CASALETTO, | ) | |
| Defendant. | ) | |

## Order

*On Defendant's Motion for Certificate of Reasonable Doubt* – **DENIED**

Submitted: May 3, 2023
Decided: May 9, 2023

Isaac Rank, Esquire, Deputy Attorney General, Attorney for the State of Delaware

Joseph Hurley, Esquire, Attorney for Defendant Joseph Casaletto

**BRENNAN, J.**

1

Joseph Casaletto (hereinafter "Defendant") was arrested and ultimately indicted for Driving Under the Influence (hereinafter "DUI") stemming from a January 10, 2022, encounter with Middletown Police in which he was found asleep behind the wheel of his running Volkswagen Jetta in a controlled turn lane throughout multiple cycles of a traffic light.[1] Defendant was granted leave of this Court to file an out of time Motion to Suppress, which was heard on Monday, April 3, 2023.[2] This motion was denied the following day and trial began immediately following on Tuesday, April 4, 2023. Mid-trial, Defendant twice moved for a mistrial, both motions were ultimately denied. The first motion – based upon a reference to an odor of marijuana that was played before the jury from an officer's Body Worn Camera – was denied on its merit, and the second motion was denied as moot. The jury rendered a verdict on Thursday, April 6, 2023, convicting Defendant of the sole charge of DUI, finding unanimously that the Defendant's blood contained a prohibited alcohol content.[3]

Following the jury's verdict, Defendant filed four (4) motions: Motion for Reinstatement of Bail; Motion for Judgment of Acquittal; Motion for a New Trial and the instant Motion for a Certificate of Reasonable Doubt. The former three motions have been previously addressed, as Defendant had withdrawn the instant

---

[1]  *State v. Casaletto*, ID No. 2201002540, D.I. 1.
[2]  D.I. 19.
[3]  D.I. 27.

motion as premature. On May 3, 2023, all pending motions were denied and Defendant was sentenced to 2 years at Level V incarceration, suspended after the minimum-mandatory 90 days, for one (1) year at Level III probation and related conditions. As such, the Motion for Certificate of Reasonable Doubt is now ripe for decision and was orally represented.[4] The State opposes Defendant's motion.

The legal authority to issue a Certificate of Reasonable Doubt is found in Title 11, Section 4502 of the Delaware Code. This section, in pertinent part, provides:

> No writ of error or writ of certiorari issuing from the Supreme Court in any criminal cause shall operate as a stay of execution of the sentence of the trial court unless such writ of error or writ of certiorari be sued out within 30 days from the date of final judgment in the court below, and unless the plaintiff in error obtains from the trial court (or, if the trial court refuses, then from 1 of the Justices of the Supreme Court) a certificate that there is reasonable ground to believe that there is error in the record which might require a reversal of the judgment below, or that the record presents an important question of substantive law which ought to be decided by the Supreme Court, and unless the plaintiff in error furnishes bond to the State, with surety to be approved and in an amount to be fixed by 1 of the Justices of the Supreme Court, conditioned as prescribed by rule of court.[5]

In order to obtain a Certificate of Reasonable Doubt, a defendant has the burden to either show, "a reasonable ground to believe that there is error which might require a reversal, or that there is an important question of

---

[4] D.I. 38.

[5] 11 *Del. C.* § 4502.

3

substantive law which should be decided by the Supreme Court."[6] This burden extends to showing "an error of record that might require reversal or an important question of law."[7]

Defendant argues three errors of law in support of his application: 1) this Court's denial of his motion to suppress; 2) the prosecutor's failure to redact a portion of the Body Worn Camera which mentions the odor of marijuana in Defendant's vehicle upon post-arrest and was played before the jury; and 3) the Court's ruling prohibiting cross-examination of Julie Willey, the Delaware State Police Crime Lab Director, regarding the differences between the blood tube manufacturer's instructions for blood collection versus the DUI Blood Collection Kit instructions, which Willey authored. As couched, Defendant's arguments of error fall under the "error of record" avenue for relief.

In order for Defendant to be successful, he must show that any one of these alleged errors were "clear, flagrant, manifest, obvious or plain from the record."[8] Defendant cannot make such a showing here.

---

[6] *State v. Green*, 2019 WL 6250437, *1 (Del. Super. Nov. 21, 2019), citing *Bailey v. State*, 352 A.2d 411, 413 (Del. 1976).

[7] *Id.*

[8] *Bailey v. State*, 354 A.2D at 752.

With respect to the motion to suppress, the Court articulated its findings at the time of the ruling. Defense has not presented any new arguments in the instant motion that were not previously presented, nor has he met his burden to show the Court made an error of law in its previous ruling or that any alleged error was clear, flagrant, manifest, obvious or plain from the record. Defendant's application has re-argued his original position in the suppression hearing. The factual evidence deduced at the suppression hearing supports the Court's finding, and no further evidence of an abuse of this Court's discretion has been provided, therefore the first basis for the instant motion is without merit.

Defendant next argues that the failure of the Prosecutor to redact a statement referencing an odor of marijuana in Defendant's vehicle on the Body Worn Camera, which was played before the jury warrants the requested relief. This issue was the subject of Defendant's initial mistrial application and prior to ruling, much was explored and the record was developed with respect to how the statement came to remain on the recording. The Court inquired into all allegations made by Defendant regarding trial preparation and the understandings of the parties. In fact, Defendant requested the Court obtain the draft transcript of the suppression hearing, which it did, to ascertain whether it contained any evidence of any such agreement to remove any

discussion regarding marijuana on the record; it did not. There appear to be many reasons for this lack of communication between the parties which resulted in this evidence before the jury, none of which are necessary to be expanded on at this time, but all of which were developed on the trial record and touched upon in the Court's oral ruling denying the mistrial application.[9] Defendant's instant motion fails to meet his burden to show that the conduct of the Prosecutor, or the subsequent denial of the mistrial application was an error so "clear, flagrant, manifest, obvious or plain from the record" that it warrants the relief sought here.[10]

With respect to Defendant's final argument regarding the limitation on his cross-examination of Ms. Willey, this, too, was re-addressed by the Court in its most recent decision denying Defendant's Motion for New Trial. While here, Defendant cites to a line of case law discussing the confrontation clause for the first time in support of his argument, the Court notes that at no point in this case either pre or mid-trial were the foundational qualifications of Ms. Willey's expertise challenged. Defendant additionally cites cases in support of the well-established importance of relevant cross-examination of expert

---

[9]     As noted at the time of the ruling, a prompt curative instruction was read, the reference was minimal, there were no charges related to marijuana and the interest of justice did not require the extraordinary remedy of a mistrial.

[10]     *Id.*

witnesses. As the Court has previously ruled, based upon legal precedent of this very Court, the proffered cross-examination was not relevant here and any minimal relevance would be outweighed by the potential for confusion of the jury.[11] There is nothing raised in Defendant's instant motion that shows a "clear, flagrant, manifest, obvious or plain from the record" error that requires the requested relief.

Accordingly, the Motion for Certificate of Reasonable Doubt is **DENIED**.

**IT IS SO ORDERED this 9th day of May, 2023**.

_____
**Danielle J. Brennan, Judge**

Original to Prothonotary

cc:   Isaac A. Rank, Deputy Attorney General
      Joe Hurley, Esquire

---

[11]   *State v. Bowie*, 2022 WL 004005, at *6 (Del. Super. Ct. Sept. 1, 2022).