**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 1902015015, 1904001943 |
| | ) | 1906000296 |
| WILLIAM J. WEBB, JR. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This 5th day of December, 2024, upon consideration of William J. Webb, Jr.'s "Motion for a Certificate of Reasonable Doubt,"[1] it appears to the Court that:

(1)     "Webb was arrested on three separate occasions in 2019."[2]  "In June 2019, Webb was indicted on charges stemming from the three arrests plus additional charges resulting from [his] breach of the no-contact order."[3]  "Webb represented himself at trial and was convicted on all charges."[4]  "Webb was sentenced as a habitual offender to 25 years at Level V."[5]

---

[1] Webb stands convicted of several offenses set forth in indictments filed in three separate cases – Case Numbers 1902015015, 1904001943, and 1906000296.  The docket items pertinent to Webb's "Motion for a Certificate of Reasonable Doubt" are reflected in each of the cases; any docket item referenced here is drawn from Case Number 1902015015 and noted as "D.I. ___."

[2] *Webb v. State*, 2024 WL 3356967, at *1 (Del. July 10, 2024).

[3] *Id.*

[4] *Id.* at 2.

[5] *Id.*

(2)     Webb appealed his conviction to the Delaware Supreme Court.  On appeal, he argued "that the Superior Court erred by 'forcing Webb to proceed *pro se* without first engaging in a proper colloquy to determine that Webb was knowingly and intelligently waiving his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and under Article I, §7 of the Delaware Constitution.'"[6]  That Court concluded that "the Superior Court did not abuse its discretion by refusing to appoint Webb additional or standby counsel and directing Webb to proceed *pro se.*  Although the [Superior Court] did not use the words 'forfeit' or 'forfeiture' the court's statement was the functional equivalent of a forfeiture finding, one that is amply supported by the record."[7]

(3)     While the Delaware Supreme Court considered his appeal, on February 13, 2023, Webb filed a "Motion for Certificate of Reasonable Doubt" in this Court.[8]  On February 21, 2023, the Court advised Webb that it received his motion but that an appeal divests the Court of jurisdiction over the matter.[9]  The Court invited Webb to renew his request once his appeal concluded.[10]

---

[6] *Id.* (quoting Webb's Opening Brief on appeal).

[7] *Id.* at 3.

[8] D.I. 97.

[9] D.I. 101.

[10] *Id.*

(4)     After deciding Webb's case on July 10, 2024, the Delaware Supreme Court issued its mandate on August 2, 2024.[11]  On November 20, 2024, Webb wrote to the Court declaring, "[i]t is time to rule on my certificate of reasonable doubt."[12]  The Court will consider this declaration as Webb's renewal of his request for a certificate of reasonable doubt.

(5)     The issuance of a certificate of reasonable doubt is governed by 11 *Del. C.* § 4502, which provides:

> No writ of error or writ of certiorari issuing from the Supreme Court in any criminal cause shall operate as a stay of execution of the sentence of the trial court unless such writ of error or writ of certiorari be sued out within 30 days from the date of final judgment in the court below, and unless the plaintiff in error obtains from the trial court (or, if the trial court refuses, then from 1 of the Justices of the Supreme Court) a certificate that there is reasonable ground to believe that there is error in the record which might require a reversal of the judgment below, or that the record presents an important question of substantive law which ought to be decided by the Supreme Court, and unless the plaintiff in error furnishes bond to the State, with surety to be approved and in an amount to be fixed by 1 of the Justices of the Supreme Court, conditioned as prescribed by rule of court.

(6)     As an initial matter, "a motion for a certificate of reasonable doubt must be made within 30 days of the order from which the defendant appeals."[13]  A jury

---

[11] D.I. 125.

[12] D.I. 127.

[13] *Manlove v. State*, 523 A.3d 533 (Del. 1987).

convicted Webb in May of 2022,[14] and the Superior Court imposed his sentence on December 13, 2022.[15]  Thus, his February 13, 2023, motion is (and was at the time of its initial filing) untimely.

(7)    A certificate of reasonable doubt exists as an exceptional mechanism to stay the execution of a sentence where the defendant shows "either a reasonable ground to believe that there is error which might require a reversal, or that there is an important question of substantive law which should be decided by the Supreme Court."[16]  "These requirements are alternative avenues of relief and, therefore, a defendant may prevail if he establishes a right under either of them."[17]  And, by its terms, 11 *Del. C.* § 4502 provides the opportunity for relief prior to a decision on appeal.  Webb was afforded the opportunity to challenge his conviction and sentence on direct appeal.  In fact, he did so.  The Delaware Supreme Court addressed Webb's claim and affirmed the judgment of this Court.  There is no basis to grant a certificate of reasonable doubt where, as here, the Supreme Court squarely addressed and rejected any challenges to the underlying conviction.  His application is, thus, moot.

---

[14] D.I. 82.

[15] D.I. 89.

[16] *State v. Smith*, 2004 WL 2744878 (Del. Super. Ct. Nov. 12, 2004) (citing *Bailey v. State*, 352 A.2d 411, 413 (Del. 1976)).

[17] *Id.*

For these reasons, Webb's untimely "Motion for a Certificate of Reasonable Doubt" is **DENIED.**

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge