Raymond E. TOMASETTI, Jr., Richard K. Goll, and Goll & Tomasetti, Defendants Below, Appellants,

v.

WILMINGTON SAVINGS FUND SOCIETY, FSB, Plaintiff Below, Appellee.

No. 6, 1996.

Supreme Court of Delaware.

Submitted: Jan. 22, 1996.
Decided: Jan. 24, 1996.

**62**

Jeffrey M. Weiner, Wilmington, for appellant.

Jeffrey S. Welch and David A. White, Murphy, Welch & Spadaro, Wilmington, for appellee Wilmington Savings Fund Society, FSB.

Before WALSH, HOLLAND, and HARTNETT, JJ.

HOLLAND, Justice:

The plaintiff-appellee, Wilmington Savings Fund Society, FSB ("WSFS")[1] has filed a motion to dismiss this appeal on the grounds that the defendants-appellants, Raymond E. Tomasetti, Jr., Richard K. Goll, and Goll & Tomasetti (collectively "Goll and Tomasetti"), have filed their appeal prematurely. WSFS relies upon the fact that certain post-trial motions filed by the parties have not yet been ruled upon by the Superior Court. The appellants argue that their notice of appeal was timely filed, or alternatively, that the appeal should be held in abeyance pending the disposition of the post-trial motions in the Superior Court.

We have concluded that the filing of Rule 50 and Rule 59 post-trial motions in the Superior Court suspends the finality of a civil judgment. *See* Super.Ct.Civ.R. 50 and 59. Consequently, the filing of such motions tolls the time period for filing an appeal to this Court until the last disposition of those motions has been docketed. Supr.Ct.R. 6. Accordingly, this appeal is premature and must be dismissed.

### *Facts*

On December 5, 1995, following a three week jury trial, Goll and Tomasetti were found liable to WSFS. The jury found that Goll and Tomasetti's negligence was a proxi-

---

**1.** Robert Dotey and Dotey and Associates were defendants below, but were not named as appel-   lees in Goll & Tomasetti's notice of appeal filed with this Court.

mate cause of WSFS's damages. The jury also determined that WSFS's comparative negligence was a 20% proximate cause of those damages. The Superior Court entered judgment against Goll and Tomasetti in the amount of $67,200.[2]

After the entry of judgment, both parties filed post-trial motions. Goll and Tomasetti filed a Renewed Motion for Judgment as a Matter of Law, or Alternatively for a New Trial on December 12, 1995. Super.Ct.Civ.R. 50(b) and 59(a). WSFS filed a Motion to Amend Judgment on December 7, 1995, and a Motion for a New Trial on Damages. Super.Ct.Civ.R. 59(d) and (a).

On January 4, 1996, Goll and Tomasetti filed a notice of appeal with this Court from: the Superior Court's denial of their application during trial for a Motion to Enter Judgment as a Matter of Law; the December 5, 1995 jury verdict in favor of WSFS, and against Goll and Tomasetti; and the $67,200 judgment entered by the Superior Court on December 5, 1995, in accordance with the jury verdict. The Superior Court had not yet ruled upon either of the parties' post-trial motions when Goll and Tomasetti's notice of appeal was filed with this Court.

### Motion to Dismiss Appeal

■ WSFS has moved to dismiss Goll and Tomasetti's appeal, asserting that since the parties' post-trial motions remain pending before the Superior Court, Goll and Tomaset-ti's appeal is improper. Supreme Court Rule 6 provides that a notice of appeal shall be filed with the Clerk of this Court "within 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken in a civil case...." Supr.Ct.R. 6(a)(i). Except as provided in Supreme Court Rule 42, this Court has no jurisdiction over appeals from Superior Court civil judgments which are not final. Del. Const. art. IV, § 11(1)(a). Goll and Tomasetti have made no effort to comply with the requirements in Rule 42 for perfecting an interlocutory appeal.

### Federal Rules Amended

The Federal Rules of Appellate Procedure were amended in 1993 to provide that the filing of a notice of appeal prior to the timely filing of a post-trial motion, or while post-trial motions are still pending, is sufficient to bring the underlying case within the jurisdiction of a Federal circuit court of appeals. *See* Fed.R.App.P. 4(a)(4).[3] Prior to the 1993 amendments, a notice of appeal filed with the court of appeals before the disposition of post-trial motions rendered the appeal a nullity. *See* Fed.R.App.P. 4 advisory committee's note; 9 Moore's Federal Practice § 204.12[1] (2d edition, 1994) ("Moore's Federal Practice"). Pursuant to the amended Federal rule, such an appeal is no longer nullified, but rather merely "suspended until

---

2. The jury concluded that WSFS had sustained total damages of $84,000.

3. Rule 4(a)(4) of the Federal Rules of Appellate Procedure, as amended in 1993, provides:

(4) If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure:

(A) for judgment under Rule 50(b);
(B) to amend or make additional findings of fact under Rule 52(b), whether or not granting the motion would alter the judgment;
(C) to alter or amend the judgment under Rule 59;
(D) for attorney's fees under Rule 54 if a district court under Rule 58 extends the time for appeal;
(E) for a new trial under Rule 59; or

(F) for relief under Rule 60 if the motion is served within 10 days after the entry of judgment.

A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with [Federal Rule of Appellate Procedure] 3(c), to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment shall file an amended notice of appeal within the time prescribed by this Rule 4 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

Fed.R.App.P. 4(a)(4).

the [post-trial] motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed.R.App.P. 4 advisory committee's note. *See also* Moore's Federal Practice, § 204.12[1], p. 4–72. Thus, under the amended Federal rule, the appellate court has jurisdiction over the matter based on the originally filed notice of appeal, but the appeal remains inchoate until the post-trial motions are decided.[4]

### Delaware Rules Unchanged

The rules of civil procedure in Delaware, including the rules of this Court, are patterned upon their Federal counterparts. *Hoffman v. Cohen,* Del.Supr., 538 A.2d 1096 (1988). This Court, however, has *not* adopted a rule similar to Rule 4(a)(4) of the Federal Rules of Appellate Procedure. Consequently, this Court's jurisdiction over civil appeals, in which post-trial motions remain pending, has not changed.

 This Court has previously held that the timely filing of a Motion for a New Trial[5] or Motion for Reargument in a civil case tolls the finality of a judgment and also, therefore, the time period for filing an appeal to this Court. *Katcher v. Martin,* Del.Supr., 597 A.2d 352, 353 (1991); *Linda D.P. v. Robert J.P.,* Del.Supr., 493 A.2d 968, 969 (1985); *Hessler, Inc. v. Farrell,* Del.Supr., 260 A.2d 701, 702 (1969). The same tolling effect applies in civil cases to a renewed Motion For Judgment As a Matter of Law, pursuant to Superior Court Civil Rule 50(b), and a Motion to Alter or Amend a Judgment, pursuant to Superior Court Civil Rule 59(d).

### Conclusion

We hold that the timely filing of any Rule 50 or Rule 59 post-trial motions in a civil proceeding tolls the finality of the Superior Court's judgment until the disposition of

---

4. If a party wishes to appeal the subsequent disposition of a post-trial motion, the party must amend the previously filed notice of appeal, but no additional filing fee is required. Fed.R.App.P. 4(a)(4).

5. The filing of a timely motion for a new trial in a *criminal* proceeding does not suspend the finality of a conviction and, thus, does not toll the

the last motion has been docketed. Supr. Ct.R. 6. *Id.* In the case *sub judice,* those motions precluded this Court from exercising jurisdiction in the absence of the appellant's compliance with Supreme Court Rule 42. WSFS's motion must be granted. This appeal is dismissed. Supr.Ct.R. 29(b).

time for filing a direct appeal to this Court in a criminal case. *Eller v. State,* Del.Supr., 531 A.2d 948, 950 (1987). This Court's rules require a notice of appeal to be filed "[w]ithin 30 days after a sentence is imposed" in a direct appeal of a criminal conviction, even though a timely motion for a new trial remains undecided. *Id.* Supr.Ct.R. 6(a)(ii).