IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY f/k/a THE AETNA CASUALTY AND SURETY COMPANY, | § § § § § § § § § § § § § § § § § § § | No. 372, 2014<br><br>Court Below—Superior Court of the State of Delaware, in and for New Castle County C.A. No. N10C-06-141<br><br>Court Below—Court of Chancery of the State of Delaware C.A. No. 1465 CONSOLIDATED |
| Defendant Below-<br>Appellant/Cross-Appellees, | | |
| v. | | |
| VIKING PUMP, INC., *et al.*, | | |
| Plaintiffs Below-<br>Appellees/Cross-Appellants. | | |

Submitted: July 29, 2014
Decided: August 15, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## O R D E R

This 15th day of August 2014, upon consideration of the notices to show cause and the responses thereto, as well as Warren Pump's motion to dismiss, it appears to the Court that:

(1)  Following a jury verdict rendered on November 15, 2012, the Superior Court entered a final judgment on June 9, 2014. On June 16, 2014, plaintiff, Warren Pumps, LLC, filed a motion under Superior Court Civil Rules 59(d) and (e) seeking to clarify and supplement the Superior Court's judgment. On July 9, 2014, the defendant-appellant filed a notice of appeal

with this Court from the Superior Court's June 9, 2014 judgment. On July 10, 2014, the Court issued a notice to the appellant directing it to show cause why the appeal should not be dismissed for its failure to comply with Supreme Court Rule 42 when appealing an interlocutory judgment.

(2)    The appellant responded to the notice to show cause on July 16, 2014. The appellant contends that it filed the notice of appeal out of an abundance of caution to preserve its appellate rights given the uncertainty about whether a judgment issued in one of multiple consolidated cases constitutes a final judgment.

(3)    In its motion to dismiss, Warren Pumps asserts that the Superior Court's judgment is not final because of its pending Rule 59 motion.[1] Warrant Pumps acknowledges that the Superior Court issued a letter dated July 11, 2014, after the appeal was filed, indicating its intent to deny Warren Pump's motion. Nonetheless, Warren Pumps asserts, the Superior Court's letter is not a formal order denying its Rule 59 motion and does address the amount of monetary sanctions to be imposed upon certain of the insurer-defendants. Warren Pumps contends that this appeal must be dismissed for

---

[1] Despite its contention that the appeal is interlocutory, Warren Pumps and Viking Pumps both filed notices of cross-appeal in the event the appeal is permitted to proceed. The Court also issued Rules to Show Cause why the cross-appeals should not be dismissed as interlocutory.

the appellant's failure to file an interlocutory notice of appeal in compliance with Supreme Court Rule 42.

(3) We agree. The law is clear that a timely-filed motion for reargument or to amend a judgment tolls the time for taking an appeal from an otherwise final judgment of the trial court.[2] Consequently, the appeal is premature and must be dismissed. The filing fee for any future appeal from the Superior Court's final judgment shall be waived.

NOW, THEREFORE, IT IS ORDERED that the appeal and cross-appeals are hereby DISMISSED.

BY THE COURT:

_____
Justice

---

[2] *Tomasetti v. Wilmington Savings Fund Soc'y*, 672 A.2d 61, 64 (Del. 1996).

-3-