IN THE SUPREME COURT OF THE STATE OF DELAWARE

|                                   |   |                                    |
|-----------------------------------|---|------------------------------------|
| In the matter of DEBORAH          | § | No. 466, 2015                      |
| REAGAN PIRESTANI, an              | § |                                    |
| alleged disabled person.          | § | Court Below—Court of Chancery      |
|                                   | § | of the State of Delaware,          |
|                                   | § | C.M. No. 17950-N-ML                |

Submitted:   October 19, 2015
Decided:     October 21, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 21st day of October 2015, it appears to the Court that:

(1)   On August 27, 2015, the appellant, Joseph Daniel Pirestani, filed a notice of appeal from a Court of Chancery order denying his request for enlargement of time and adopting the master's final order for appointment of a guardian.  Before the notice of appeal was filed, Pirestani filed a timely motion for reargument in the Court of Chancery.  The Court of Chancery granted the motion for reargument and gave Pirestani additional time to file an opening brief in support of his exceptions to the master's report.

(2)   On October 2, 2015, Pirestani filed a motion to remand this appeal and to suspend briefing in this Court until the Court of Chancery issued a final ruling on the master's report.  The Clerk issued a notice to show cause directing Pirestani to show why this appeal should not be dismissed for his failure to comply

with Supreme Court Rule 42 in filing an appeal from an interlocutory order.  In his response to the notice to show cause, Pirestani acknowledges that the Court of Chancery has not made a final ruling in the proceedings below and therefore the order on appeal is interlocutory.

(3)     Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a trial court's final judgment.[1]  An order is deemed final and appealable if the trial court has declared its intent that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[2]  A timely-filed motion for reargument tolls the finality of a judgment and the time period for filing an appeal.[3]  In light of the timely motion for reargument pending in the Court of Chancery at the time of the notice of appeal, the granting of the motion for reargument, and the ongoing proceedings in the Court of Chancery, the order on appeal is interlocutory because it did not finally determine and terminate the Court of Chancery proceedings.

(4)     Pirestani acknowledges that he has not complied with the requirements of Supreme Court Rule 42.  Accordingly, this Court lacks jurisdiction to entertain the appeal and the appeal must be dismissed.  Pirestani may file a notice of appeal after the Court of Chancery issues a final order.

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).
[3] *Tomasetti v. Wilmington Sav. Fund Soc'y*, 672 A.2d 61, 64 (Del. 1996).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice