IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWARD LEWIS, §
§
    Plaintiff Below, § No. 381, 2016
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
ROBERT COUPE, § C.A. No. K16M-03-006
COMMISSIONER, DEPARTMENT §
OF CORRECTION and DAVID §
PIERCE, WARDEN, JAMES T. §
VAUGHN CORRECTIONAL §
CENTER, §
§
    Defendants Below, §
    Appellee. §

Submitted: August 15, 2016
Decided: October 17, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 17th day of October 2016, it appears to the Court that:

(1) On July 25, 2016, the appellant, Edward Lewis, filed a notice of appeal from a July 5, 2016 letter from the Prothonotary's office returning his Letter to Honorable Judge Witham and Motion to Vacate Judgment and for Judgment of Pleadings Pursuant to Superior Court Civil Rule 58. Lewis filed an opening brief with the notice of appeal. The Chief Deputy Clerk informed Lewis that the letter from the Prothonotary's office was not a court order, but acknowledged that the

notice of appeal included a May 25, 2016 Superior Court order dismissing Lewis' petition for a writ of mandamus. The Chief Deputy Clerk told Lewis that if he wished to appeal the May 25, 2016 order he needed to file an amended notice of appeal by August 8, 2016.

(2) Lewis filed an amended notice of appeal of the May 25, 2016 order, along with a letter, on August 4, 2016. Under Supreme Court Rule 6(a)(i), a timely appeal of the May 25, 2016 order should have been filed on or before June 24, 2016. The Senior Court Clerk issued a notice directing Lewis to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, Lewis stated that he explained the reason for his untimely appeal in his August 4, 2016 letter. In the August 4, 2016 letter, Lewis argued that his appeal should be deemed timely because the Prothonotary's office refused to accept his motion for reargument pursuant to Superior Court Civil Rule 59(e) of the May 25, 2016 Superior Court order.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10 (a); *Smith v. State*, 47 A.3d 481, 483 (Del. 2012).
[3] *Smith*, 47 A.3d at 486-87.

2

Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) To the extent Lewis seeks to appeal the Prothonotary's July 5, 2016 letter, "this Court has no jurisdiction to hear an appeal from actions taken by trial court clerical staff."[5] To the extent Lewis claims he filed a motion for reargument that tolled the time for the filing of a notice of appeal of the May 25, 2016 Superior Court order, the documents submitted by Lewis in this appeal do not support this claim. First, the letters from the Prothonotary's office and the certificate of service to the motion reflect that Lewis filed a Motion to Vacate Judgment and for Judgment of Pleadings Pursuant to Superior Court Civil Rule 58,[6] not a motion for reargument under Superior Court Civil Rule 59(e).

(5) Second, even if Lewis had actually filed a motion for reargument, only a timely motion for reargument tolls the time to file a notice of appeal.[7] A timely motion for reargument of the May 25, 2016 Superior Court order was due on or before June 2, 2016.[8] The certificate of service for the document Lewis

---

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *Denston v. State*, 2008 WL 400197, at *1 (Del. Feb. 15, 2008) (citing *Redden v. McGill*, 549 A.2d 695, 697-98 (Del. 1988)).

[6] The Prothonotary should have docketed the motion to vacate and not returned it without docketing.

[7] *Tomasetti v. Wilmington Sav. Fund Soc., FSB*, 672 A.2d 61, 64 (Del. 1996).

[8] Super. Ct. Civ. R. 59(e) (providing that a motion for reargument must be served and filed within five days after the filing of the opinion or decision); Super. Ct. Civ. R. 6(a) (providing

claims was his motion for reargument was dated June 10, 2016, which means that the motion for reargument was untimely at the time it was mailed to the Superior Court. The Superior Court would have lacked jurisdiction to consider the untimely motion for reargument[9] and the time to file a notice of appeal of the May 25, 2016 order would not have been tolled.[10]

(6)     The record does not reflect that Lewis' failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

that when period of time is less than eleven days, intermediate Saturdays, Sundays, and other legal holidays are excluded from computation of due date).

[9] *Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007) (citing *Preform Building Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del.1971)).

[10] *See supra* note 7.

4