IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAURA D. SCOTT,[1] | § | |
| | § | No. 383, 2016 |
| Petitioner Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Family Court |
| | § | of the State of Delaware |
| JOHN D. ADAMS, | § | |
| | § | File No. CN14-02787 |
| Respondent Below- | § | Petition No. 14-12482 |
| Appellee. | § | |

Submitted: October 25, 2016
Decided: November 9, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 7th day of November 2016, upon consideration of the notice to show cause and the response thereto, as well as the appellant's motion for the appointment of counsel, it appears to the Court that:

(1) The appellant, Laura Scott ("the Wife"), filed this appeal from an order of the Family Court, dated June 28, 2016, addressing several matters ancillary to the parties' divorce ("the Ancillary Order"). On July 11, 2016, the appellee, John Adams ("the Husband"), filed a motion for reargument of the Ancillary Order. The Wife filed a response to the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Husband's motion for reargument on July 20, 2016. On July 27, 2016, the Wife filed her notice of appeal from the Ancillary Order.

(2) The Clerk of this Court issued a notice to the Wife directing her to show cause why the appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 when appealing an interlocutory judgment. The Wife filed her response to the notice to show cause on October 20, 2016. The Wife asserts that she complied with the procedural rules requiring that her notice of appeal be filed within 30 days of the Ancillary Order. On October 25, 2016, the Wife filed a motion requesting that counsel be appointed to represent her.

(3) The timely filing of a motion for reargument or new trial in a civil case tolls the finality of a judgment and also, therefore, the time period for filing an appeal to this Court. [2] The Family Court's Ancillary Order in this case is interlocutory because its finality was suspended by the Husband's timely motion for reargument, which has not yet been decided by the Family Court. Absent compliance with Supreme Court Rule 42, this Court has no jurisdiction to hear this interlocutory appeal. The filing fee for any future appeal from the Family Court's final judgment shall be waived. The motion for the appointment of counsel is moot.

---

[2] *Tomasetti v. Wilmington Savings Fund Soc'y*, 672 A.2d 61, 64 (Del. 1996).

NOW, THEREFORE, IT IS ORDERED that the appeal is
DISMISSED.  The motion for counsel is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice