IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN DIXON, § 
 § 
    Defendant Below, § No. 217, 2017
    Appellant, § 
 § Court Below—Superior Court
    v. § of the State of Delaware
 § 
STATE OF DELAWARE, § Cr. No. 0004013285(K)
 § 
    Plaintiff Below, § 
    Appellee. § 

Submitted: June 22, 2017
Decided: July 6, 2017

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 6th day of July 2017, having considered the notice to show cause and the appellant's response, it appears to the Court that:

(1) On May 30, 2017, the appellant, Kevin Dixon, filed a notice of appeal from a Superior Court order, docketed on April 25, 2017, dismissing his third motion for postconviction relief. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before May 25, 2017. The Senior Court Clerk issued a notice directing Dixon to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2)     In his untimely response to the notice to show cause,[1] Dixon states that he mailed the notice of appeal on May 23, 2017, he is a mental health inmate who is unfamiliar with the law, and he filed a motion for reargument in the Superior Court on May 3, 2017.  Time is a jurisdictional requirement.[2]  As to Dixon's contention that he timely mailed the notice of appeal, a notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  Dixon's *pro se* status and lack of familiarity with the law also does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]

(3)     To the extent Dixon argues his motion for reargument tolled the time for the filing of a notice of appeal of the April 25, 2017 Superior Court order, only a timely motion for reargument tolls the time to file a notice of appeal.[5]  A timely motion for reargument was due on or before May 2, 2017.[6]  The certificate of service

---

[1] A party must respond to a notice to show cause within ten days after receipt of the notice.  Supr. Ct. R. 29(a).  Dixon received the notice to show cause by June 5, 2017, but did not file his response until June 22, 2017, making his appeal subject to dismissal.  Supr. Ct. R. 3(b)(2).

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] Supr. Ct. R. 10 (a); *Smith v. State*, 47 A.3d 481, 483 (Del. 2012).

[4] *Smith*, 47 A.3d at 486-87.

[5] *Tomasetti v. Wilmington Sav. Fund Soc., FSB*, 672 A.2d 61, 64 (Del. 1996).

[6] Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."); Super. Ct. Civ. R. 59(e) (providing that a motion for reargument must be served and filed within five days after the filing of the opinion or decision); Super. Ct. Civ. R. 6(a) (providing that when period of time is less than eleven days, intermediate Saturdays, Sundays, and other legal holidays are excluded from computation of due date).

for Dixon's motion for reargument is dated May 3, 2017 and the Superior Court docket reflects that the motion for reargument was received on May 8, 2017. The Superior Court lacked jurisdiction to consider Dixon's untimely motion for reargument[7] and therefore the time to file a notice of appeal of the April 25, 2017 order would not have been tolled.[8]

(4)     Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[9] The record does not reflect that Dixon's failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[7] *Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007) (citing *Preform Building Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971)).
[8] *See supra* note 7.
[9] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).