IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LIMA USA, INC., | § | |
| | § | No. 310, 2021 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below-Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N20C-09-048 |
| MOHAMED MAHFOUZ, EMAM | § | |
| ELHAK ABDEL FATAH, and | § | |
| JOSEPH MICHAEL JOHNSON, | § | |
| JR., | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: October 18, 2021
Decided:    November 16, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# O R D E R

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    The appellant, Lima USA, Inc. ("Lima"), filed this appeal from a memorandum opinion and order of the Superior Court, dated August 31, 2021, which granted appellees', Mohamed Mahfouz, Emam Elhak Abdel Fatah, and Joseph Micheal Johnson, Jr. (collectively the "Appellees"), motion to dismiss and denied Lima's motion to stay.  The dispute before the Superior Court concerns

whether the Appellees must indemnify Lima for losses it expects to bear as the result of alleged misrepresentations by the Appellees regarding the ownership of intellectual property in which Lima invested. After the Superior Court entered its opinion and order, Lima filed a timely motion for clarification. The motion seeks clarification that the Superior Court's statement that "Sellers and Lima agreed that Sellers would only indemnify Lima for claims brought before September 5, 2020" refers only to a claim based on a breach of representation and warranties and not a third-party indemnification claim. The Appellees oppose the motion for clarification, and the Superior Court has not yet ruled on the motion.

(2)     In light of the pending motion for clarification, the Clerk of this Court issued a notice to Lima to show cause why the appeal should not be dismissed for its failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order. In response to the notice to show cause, Lima cites authority that has held that a motion for clarification does not toll the time period for filing an appeal unless the motion is substantive, in which case the motion may be construed as a motion for reargument that tolls the time for filing an appeal.[1] Lima states that it filed the appeal in order to preserve its appellate rights in the event that the motion for clarification was determined to be nonsubstantive. The Appellees contend that

---

[1] *MacIntosh v. MacIntosh*, 2018 WL 1747798 (Del. Apr. 11, 2018).

the motion for clarification seeks substantive relief and should be treated as a motion for reargument that tolls the time for filing an appeal.

(3)     In deciding whether a motion for clarification was substantive in nature, this Court has distinguished between a motion that takes issue with the meaning of the trial court's decision and one that merely addresses a typographical error.[2] The Appellees contend that Lima's motion for clarification is substantive in nature, and Lima does not contend otherwise. Lima's motion asks the Superior Court to clarify whether its statement that "Sellers and Lima agreed that Sellers would only indemnify Lima for claims brought before September 5, 2020" applies to only one category of indemnification claims or to other categories of indemnification claims. We conclude that the motion is substantive in nature, and it therefore is treated as a motion for reargument.[3]

(4)     The timely filing of a motion for reargument in a civil case tolls the finality of a judgment until the disposition of the motion.[4] Lima's motion therefore precluded this Court from exercising jurisdiction in the absence of Lima's compliance with Supreme Court Rule 42, and the appeal must be dismissed.[5]

---

[2] *Id.* at *3.
[3] *Id.*
[4] *Tomasetti v. Wilmington Sav. Fund Soc'y, FSB*, 672 A.2d 61, 64 (Del. 1996).
[5] *Id.*

3

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED. Any docketing fee paid to this Court by the appellant in connection with this appeal may be applied to a future appeal filed by the appellant from the Superior Court's final order.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice