# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

TASHAY LAWLER,                          )
                                        )
    Defendant-Below/Appellant,          )
                                        )
                                        )
            v.                       )        CPU4-21-003799
                                        )
STONEYBROOK                             )
PRESERVATION ASSOCIATES,                )
LLC,                                    )
                                        )
    Plaintiff-Below/Appellee.           )

Submitted: June 16, 2022
Decided: July 25, 2022

Anthony M. Sierzega, Esq.
Community Legal Aid Society
100 West 10th Street
Suite 801
Wilmington, DE 19801
*Attorney for Appellant*

Jillian M. Pratt, Esq.
Morton, Valihura, & Zerbato, LLC
3704 Kennett Pike
Suite 200
Greenville, DE 19807
*Attorney for Appellee*

## MEMORANDUM OPINION AND ORDER

**Horton, J.**

The instant matter is an appeal filed by Defendant-Below/Appellant Tashay Lawler ("Lawler") from a September 23, 2021 decision of the Justice of the Peace Court, in which judgment was rendered in favor of Plaintiff-Below/Appellee Stoneybrook Preservation Associates, LLC ("Stoneybrook"). This Court held a hearing on February 23, 2022, and ordered briefing. After reviewing the parties' submissions, the Court finds that it lacks subject matter jurisdiction. Accordingly, Lawler's appeal is hereby dismissed.

## FACTUAL AND PROCEDURAL HISTORY

On April 8, 2021, Stoneybrook filed a summary possession action against Lawler in Justice of the Peace Court. Shortly thereafter, the parties entered into a Stipulation Agreement ("the Agreement"), which engrafted certain obligations upon Lawler and also detailed the remedies available to Stoneybrook in the event of a breach. Regarding the latter, the parties agreed that should a breach occur, Stoneybrook would be authorized to obtain, via Court order, immediate possession of the unit without requiring a hearing. Furthermore, the parties agreed to waive any trial and/or appeal rights associated with the matter, other than what may be required to enforce the Agreement.

On July 13, 2021, Stoneybrook found that Lawler had breached one or more terms of the Agreement and thereafter filed an Affidavit of Breach with the Justice of the Peace Court, pursuant to the procedure set forth in the Agreement. The Justice

2

of the Peace Court issued a Stipulated Judgment granting Stoneybrook possession of the unit on August 2, 2021, after which a Writ of Possession was entered.[1]

Lawler obtained counsel and engaged in motions practice in an effort to avoid execution of the Writ of Possession. On August 19, 2021, Lawler filed a motion for relief from judgment, seeking to vacate the August 2 judgment awarding possession to Stoneybrook. Ultimately, Lawler's efforts proved unsuccessful, and on September 23, 2021, the Justice of the Peace Court entered an order denying the motion for relief from judgment and allowing the Writ of Possession to proceed (the "Bawa Order"). The Bawa Order prompted Lawler to file an appeal with the Justice of the Peace on September 27, 2021 requesting a trial *de novo* before a three-judge panel pursuant to J.P. Civ. R. 72.1(c).

On October 1, 2021—while the three-judge panel appeal was pending—constables arrived at the rental unit to evict Lawler. This sparked e-mail communication between the parties and Deputy Chief Magistrate McCormick, in which the Deputy Chief Magistrate indicated he intended to deny Lawler's appeal to the three-judge panel, and that an order would be forthcoming.

That same day, Lawler initiated the instant appeal with this Court by filing a

---

[1] The record reflects that Joyce Jenkins, Lawler's grandmother, filed a motion on Lawler's behalf seeking to stay the eviction. However, this motion was denied by the Justice of the Peace Court due to Ms. Jenkins' lack of standing as well as the absence of a right to appeal a Stipulated Judgment.

Notice of Appeal. As required by Ct. Com. Pl. Civ. R. 72.3(c), in her Notice of Appeal, Lawler designated the Bawa Order as the order from which she was appealing.[2] Notably, Lawler never sought to amend her Notice of Appeal or otherwise formally denote an intent to appeal any decision other than the Bawa Order. Finally, on October 6, 2021, Magistrate McCormick entered a final order denying Lawler's appeal to the three-justice panel (the "McCormick Order").

Given the peculiarities of the appeal, an inquisition hearing was held on February 23, 2022, to address the Court's concerns regarding jurisdiction. At the conclusion of the hearing, the Court ordered briefing from the parties to address whether this Court has subject matter jurisdiction over the appeal and, if so, what standard of review would properly apply.[3] The Court also directed the parties to address whether the order appealed was interlocutory.

## DISCUSSION

The primary issue before the Court is narrow, but its implications are broad. The Court must determine whether it may exercise jurisdiction over an appeal from a Justice of the Peace Court order in a summary possession case where that order does not, on its face, require a substantive review of the summary possession. But

---

[2] Although largely compliant with Rule 72.3(c), it should be noted that the Notice of Appeal did not state the grounds of appeal.

[3] *Webster v. Brosman*, 2019 WL 5579489, at *1 (Del. Super. Cot. 29, 2019)(subject matter jurisdiction is an issue that the court may raise at any time spontaneously); *Appriva S'holder Litig. Co. v. EV3, Inc.*, 937 A.2d 1275, 1284 (Del.2007 (where subject matter jurisdiction is in doubt, the court has an independent obligation to confirm it exists).

the inquiry does not end there: an intrinsic component of this issue is the appropriate standard of review to be applied if the Court *does* have jurisdiction over such an appeal. These questions are not ones of first impression, but they highlight the potential for confusion due to varying judicial interpretations of the Court of Common Pleas' appellate jurisdiction. Finally, the Court must also determine whether the appeal in question constitutes an interlocutory appeal.

## A. Jurisdiction in Summary Possession Actions

The Court of Common Pleas is a constitutional court, but of limited jurisdiction.[4] The scope of its powers and authority are constrained to those specified by statute.[5] The General Assembly often allocates jurisdiction among the various Delaware courts by specifying the particular types of claims over which each court may preside.[6] In doing so, "the General Assembly makes clear which of Delaware trial courts will handle the identified matter[.]"[7] Such is the case in summary possession actions.

---

[4] Del. Const. art. IV, § 7B; *Howell v. Justice of the Peace Court No. 16*, 2007 WL 2319147, at *11 (Del. Super. July 10, 2007).

[5] *Howell*, 2007 WL 2319147 at *11 ("the General Assembly has intended that the jurisdiction and powers of the Court of Common Pleas are to consist of those that it specifically provides by statute").

[6] *IMO Daniel Kloiber Dynasty Trust*, 98 A.3d 924, 938 (Del. Ch. 2014); *Pot-Nets Coveside Homeowners Assn. v. Tunnell Companies, L.P.*, 2015 WL 3430089, at *3 (Del. Super. May 26, 2015).

[7] *IMO Daniel*, 98 A.3d 924, at 938; *Pot-Nets Coveside*, 2015 WL 3430089, at *3 ("if the General Assembly expressly assigns [a court] jurisdiction over a particular case or controversy, but is silent as to others arising from the very same statute, it would appear, based on the maxim of *expressio unis est exclusio alterius*, the General Assembly 'was aware of the omission and intended it.'").

In 1996, the General Assembly enacted significant revisions to the Landlord-Tenant Code, 25 *Del. C.* § 5101 *et seq.*[8] The Landlord-Tenant Code sets forth detailed rules and procedures governing residential leases, including proceedings in summary possession actions.[9] In § 5701, the General Assembly specifically identified the Justice of the Peace Court as having jurisdiction over summary possession cases.[10] Thus, the General Assembly made clear that summary possession actions are exclusively within the jurisdiction of the Justice of the Peace Court—not the Court of Common Pleas.[11]

The General Assembly also promulgated a mechanism to appeal a magistrate's decision in a summary possession action. Section 5717 of the Landlord-Tenant Code provides aggrieved parties the opportunity to appeal a summary possession judgment to a "special court comprised of 3 justices of the peace" for a trial *de novo*.[12] However, such an appellant's options end there, as the General Assembly "clearly expressed intent that no traditional appellate review lies in summary possession cases after a three judge hearing in the Justice of the Peace

---

[8]   *Brandywine Reality Management*, 2001 WL 1198684, at *3 (Del. Super. Sept. 17, 2001).

[9]   25 *Del. C.* § 5701.

[10]  *Id.*

[11]  *Id.; see Giuricich v. Emtrol Corp., 449 A.2d 232, 238* (Del. 1982)("where a provision is expressly included in one section of a statute, but is omitted from another, it is reasonable to assume that the Legislature was aware of the omission and intended it. The courts may not engraft upon a statute language which has been clearly excluded therefrom by the Legislature").

[12]  25 *Del. C.* § 5717.

Court has concluded."[13] It must be noted that the statute is silent as to what, if any, options may be available to litigants situated similarly to those in the instant case, where the appeal to a three judge panel is denied and, thus, a three judge hearing has not been held. However, the resolution of that issue cannot be undertaken by this Court, as such would lie within the purview of the General Assembly.

## B. Appeals to the Court of Common Pleas Pursuant to 10 Del. C. § 9571

The parties do not dispute that the case at bar is strictly a summary possession action. As detailed above, this Court has determined that it does not exercise jurisdiction over such cases. However, both parties argue that because the appeal is limited to a review of the Bawa Order, in which the Justice of the Peace Court did not adjudicate summary possession on the merits, this Court has appellate jurisdiction pursuant to 10 *Del. C.* § 9571. The Court notes that Lawler also argues that the McCormick Order constitutes a final ruling that may be appealed to the Court of Common Pleas for the same reasons.[14]

In enacting 10 *Del. C.* § 9571, the General Assembly afforded civil litigants a right of appeal to the Court of Common Pleas from "any final order, ruling, decision or judgment" of the Justice of the Peace Court, provided the appeal is "taken within

---

[13] *Maddrey v. Justice of the Peace Court 13*, 956 A.2d 1204, at 1215 (Del. 2008).

[14] Lawler also asks the Court to characterize the October 1st emails from Magistrate McCormick as a final ruling, which this Court declines to do. It is clear from the record that Magistrate McCormick did not intend for his emails to constitute a final ruling and Lawler has cited no authority for the proposition that an emailed communication from a court should be considered as such.

7

15 days of the final order, ruling, decision or judgment."[15] However, this statute does not supplant the summary possession exception set forth in the Landlord-Tenant Code.[16] The legislature purposely carved out a section of the Landlord-Tenant Code to bestow the Justice of the Peace Court with sole jurisdiction over summary possession cases.[17] If the legislature intended for the Court of Common Pleas to have the ability to preside over summary possession actions, it would have explicitly stated so.[18] The conclusion that the legislature did not intend to afford this Court jurisdiction over appeals of *any* order in a summary possession action is further augmented when considering the standard of review to be applied if such appeal were permitted.

## C. Appropriate Standard of Review on Appeal

In the Bawa Order and the McCormick Order,[19] the Justice of the Peace Court rendered decisions that did not reach the substantive merits of the presented claims. While Lawler contends that the appropriate standard of review in this appeal is *de*

---

[15]  10 *Del. C.* § 9571.

[16]  25 *Del. C.* § 5701; *Cigna Health and Life Insurance Company v. Audax Health Solutions, Inc.*, 107 A.3d 1082, 1097 (Del. Ch. 2014) (noting "as a general rule of interpretation, more specific provisions trump more general ones")(citing *Oceanport Indus., Inc. v. Wilm. Oceanport Indus., Inc. v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 901 (Del.1994)).

[17]  *Maddrey*, 956 A.2d at 1214.

[18]  *Howell*, 2007 WL 2319147 at *11 ("certainly the General Assembly has intended that the jurisdiction and powers of the Court of Common Pleas are to consist of those that it specifically provides by statute").

[19]  In her Notice of Appeal, Lawler identified only the Bawa Order as the order from which she appealed. Nevertheless, given the intertwined effect these decisions have on Lawler's right to appeal, this Court will address both the Bawa Order and the McCormick Order.

8

*novo*, she asserts that upon such a review, the Court should remand the case back to the Justice of the Peace Court to be heard before a three-judge panel. By contrast, Stoneybrook argues that the Court should employ an abuse of discretion standard when considering this appeal.

The parties' disagreement on this issue is not unexpected. While § 9571(b) provides that appeals taken thereunder "shall be a trial *de novo*," case law is notably divergent regarding the standard of review utilized in appeals where, as here, the appealed order was dispositive but not necessarily substantive.[20] In such appeals, the courts have variably applied either a *de novo* or abuse of discretion standard.[21] However, in a recent decision, *Wilson v. Delmarva Power and Light Company*, this Court turned to the legislative history of § 9571 to reconcile the historical

---

[20] To be clear, the courts have consistently applied the *de novo* standard to appeals from the Justice of the Peace Court where the decision appealed was on the merits of the claim. The abuse of discretion standard has been applied almost exclusively in the context of appeals from orders denying a motion to vacate judgment. *See* cases cited *infra* note 21.

[21] *See* cases approving *de novo* review: *August v. Lin*, 2019 WL 3976040, at *5 (Del. Super. Aug. 20, 2019)("10 Del. C. § 9571(c) unequivocally requires that an appeal from the JP Court to the Court of Common Pleas must be a trial de novo"); *Church v. Cottman*, 1998 WL 733753, at *3 (Del. Super. June 18, 1998)("§ 9571 clearly mandates de novo review of decisions from the Justice of the Peace Court. The statute requires that the parties begin anew, as if proceedings in the lower court never took place"); *Kenyon v. Setting*, 1992 WL 52200 (Del. Super. Feb. 20, 1992)(finding § 9571 entitles appellant to a *de novo* review); *Davidson v. Robbins*, 2000 WL 33961388 (Del. Com. Pl. July 25, 2000 (finding appellant entitled to *de novo* review); *see* cases approving abuse of discretion standard, *Am. Spirit Fed. Credit Union v. Speedy Key Lock & Tow Servs.*, 2016 WL 399231, at *2-3 (Del. Super. Jan. 29, 2016)("review in the Court of Common Pleas, therefore, 'is limited to the issue of whether the trier-of-fact abused its discretion in denying the motion to vacate the default judgment'")(quoting *Hurd v. Smith*, 2009 WL 1610516 (Del. Com. Pl. June 10, 2009); *Bailey's Construction Co., Inc. v. Clark*, 2001 WL 1198948, at *1 (Del. Super. Sept. 19, 2001)(an ordering denying a motion to vacate "can be set aside on appeal only for abuse of discretion or error of law"); *Gunn v. Tidewater Utilities, Inc.* 2016 WL 5660306 (Del. Com. Pl. July 25, 2016).

inconsistencies in case law.[22] This Court found that the amendments to 10 *Del. C.* § 9571, and the subsequent judicial rulings, have "unequivocally solidified" that the Court of Common Pleas must utilize a *de novo* standard when considering appeals from the Justice of the Peace Court.[23]

A *de novo* review means that the reviewing court considers all facts and law anew, as if the proceedings below did not occur.[24] In order for the Court to conduct a *de novo* review of the Bawa Order, it must necessarily delve into the issue of summary possession and, ultimately, render a decision on the issue of possession— an area over which the Court does not exercise subject matter jurisdiction.

With regards to the McCormick Order, the Court finds that it is not properly before the Court for reasons more fully explained below. Nevertheless, even if it were, the McCormick Order represents the denial of a request for an appeal to a three judge panel in the Justice of the Peace. As noted above, a *de novo* review requires an entirely new proceeding on Lawler's request. As such, a review of the McCormick Order would require this Court to conduct a three-judge panel to substantively consider the parties' arguments on appeal, which it has neither the authority nor the procedural framework to do.

---

[22] 2020 WL 7024489 (Del. Com.Pl. Nov. 30, 2020).

[23] *Id.* at *3.

[24] *Dean v. Thoro-Good's Concrete Co., Inc.*, 1997 WL 1737107, at *1-2 (Del. Com. Pl. March 25, 1997).

10

## D. Interlocutory Orders

Even if the Court were to find that it has subject matter jurisdiction over an appeal from an order in a summary possession case, Lawler's appeal is procedurally deficient to establish jurisdiction in this Court. Section 9571 sets forth two strict procedural requisites: the order appealed must be "final" and the appeal must be brought within 15 days from the date that "final" order is entered.

Generally, an order is considered final—and therefore appealable—only where it "determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."[25] "The test for whether an order is final and therefore ripe for appeal is whether the trial court has clearly declared its intention that the order be the court's 'final act' in a case."[26] The underlying purpose of the final judgment rule is to facilitate the "efficient use of judicial resources through disposition of cases as a whole, rather than piecemeal."[27]

Applying those principles to the Bawa Order, the Court finds that the appeal was an improper interlocutory order. At the time it was entered (September 23, 2021), the Bawa Order was a final order intended to resolve all issues as to all parties without further judicial intervention, thus triggering the 15-day period for appeal.

---

[25] *Tyson Foods, Inc. v. Aetos Corp.,* 809 A.2d 575 at 579 (Del. 2002).
[26] *Id.*
[27] *Id.*

11

However, a judgment's finality may be tolled where a party causes the docket to remain open for further proceedings.[28] Such circumstances occurred on September 27, 2021, when Lawler filed an appeal to the three-judge panel. That action tolled the finality of the Bawa Order during the pendency of the appeal to the three-judge panel, which remained until the McCormick Order was docketed on October 6, 2021. Therefore, when Lawler filed the appeal in this Court on October 1, 2021, the Bawa Order was not a final, appealable order.[29] Lawler's failure to file an appeal at a time when the Bawa Order was "final" divests this Court of jurisdiction over the Bawa Order.[30]

Finally, the McCormick Order cannot serve as a means to achieve appellate review in this Court because it was filed before a final ruling was issued. The present appeal was filed on October 1, 2021—five days before the McCormick Order was issued.[31] As such, the appeal did not satisfy the jurisdictional requirement that it be brought within 15 days from the date the order was entered.

---

[28] *Bowen v. E.I. DuPont de Nemours and Company, Inc.*, 879 A. 2d. 920, 922 (Del. 2005)(finality of judgment suspended when motion for reargument is filed); *Tomasetti v. Wilmington Savings Fund Society FSB*, 672 A.2d 61, 64 (Del. 1996)(like motions for reargument, a renewed motion for judgment as a matter of law tolls finality of judgment).

[29] At the time of the appeal, her appeal was, in effect, interlocutory. This Court lacks the statutory authority to consider an appeal from an interlocutory order. *See Anderson v. R.A. Midway Towing*, 905 A.2d 746 (Del. 2006).

[30] *Bowen*, 879 A. 2d. 920, 922.

[31] While the Federal Rules of Appellate Procedure allow a premature notice of appeal to be held in abeyance while a post-judgment motion is pending in the trial court, Delaware has not adopted such a rule. *Tomasetti*, 672 A.2d 61, 63-64.

## CONCLUSION

It appears that Lawler has unfortunately found herself in a procedural quandary. However, the Court cannot contemplate matters over which is does not have subject matter jurisdiction. For the foregoing reasons, the appeal is DENIED, and the case shall be DISMISSED.

**IT IS SO ORDERED.**

_____
Monica A. Horton,
Judge

13